463 P.2d 801

Glen D. THOMPSON and Christie A. Thompson, Plaintiffs and Respondents,

v.

Ervin Leroy JACOBSEN, Defendant and Appellant.

No. 11513.

Supreme Court of Utah.

Jan. 7, 1970

E. Keith Howick, of Hulbert & Howick, Salt Lake City, for defendant and appellant.

Jackson B. Howard, of Howard & Lewis, Provo, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from a judgment for damages arising out of an auto collision. Affirmed with costs to plaintiffs.

The case was tried to the court, sitting without a jury.

The facts were mixed controversial and conceded. Defendant recited some 18 pages of facts in his brief which, for the most part, were favorable to his position.

**360**

Nonetheless, in our opinion there was sufficient believable, competent and substantial evidence to support the findings, conclusions and judgment of the trial court. No good purpose could be served by a protracted recital of the facts.

The defendant urges that 1) the trial court was in error in analyzing the issues in connection with the question of damages, since it a) ignored the specific damages as they related to the cause thereof; and b) it allowed damages contributed to by the plaintiff. Mrs. Thompson; and 2) that the motion for a new trial should have been granted.

■ In support of its contentions, defendant advances some general legal principles, notably: 1) That one is liable only for the actual damages his acts provoked; 2) The jury should be left to make its best estimate of damage and compensate accordingly; 3) That its conclusion should be reasonable and certain; 4) That damages are not necessarily compensable simply because defendant has violated a duty owed to another, and 5) That plaintiff has a duty reasonably to mitigate damages.

We have no quarrel with the principles enunciated and concede that defendant's counsel accurately has catalogued them. We simply believe and hold that the record supports the trier of the facts and that the trial court, as such arbiter, was reasonable and free from caprice,—and that the principles mentioned above do not require a reversal here,—but actually support the analysis of the trial court.

CROCKETT, C. J., and TUCKETT, CALLISTER, and ELLETT, JJ., concur.